## AVERY-TOLEDO CO v FRANK

Ohio Appeals, 6th Dist, Lucas Co

No 3012.   Decided Feb 4, 1935

Geer, Lane & Downing, Toledo, for plaintiff.

Marcus L. Friedman, Toledo, and Deeds & Cole, Toledo, for defendant.

546

## OPINION

By RICHARDS, J.

The controversy in this case is wholly one of fact as we do not doubt the proposition that under a proper showing an estoppel could arise. We, however, approach the consideration of this question in the light of the decision of the Supreme Court in the case of **Kroll v Close, Admr., 82 Oh St, 190,** where the following proposition is laid down in the syllabus:

"The burden is upon the party who relies upon estoppel, to prove clearly and unequivocally every fact essential to the estoppel."

And of course it is also true that in determining this question of fact it must be decided by the court solely upon the evidence which was introduced on the trial of the case.

The lease between the parties having been executed on October 23, 1933, was in fact made more than two months before it was lawful to sell at retail so-called "high-power" beer, whiskey and wine, so that it could hardly have been within the contemplation of the parties at that time that such sales could be made on the premises. While the defendant emphatically asserts that the plaintiff's representative had full knowledge of and consented to such sales, that representative, with equal emphasis, denies that he ever did so consent and testifies that he informed the defendant that such sales must not be made on the premises. The testimony of the plaintiff's representative is corroborated in large part by other testimony, and it must be remembered that in order to sustain an estoppel in this case it is necessary to impeach a written instrument.

The premises owned by the plaintiff consist of a large brick building containing several stores on the ground floor and several apartments above, the upper apartments being occupied for residence purposes, and the evidence shows that the conduct of the liquor business by the defendant and the acts of some of his patrons created a nuisance in the passageway leading along the side of the building and in the rear thereof.

The above facts sufficiently rebut the contention made by the defendant that the loss which the plaintiff will suffer can be measured in damages. What reduction in rentals of the upper rooms would have to be made, and what, if any, tenants would vacate by reason of the conditions indicated, could hardly be established or computed.

Any delay which may have occurred in bringing the action is accounted for by testimony showing that plaintiff was, during that time, seeking to get evidence of the fact that sales of intoxicating beverages were being made on the premises.

A judgment and decree will therefore be entered for the plaintiff, making the injunction perpetual.

Judgment and decree for plaintiff.

OVERMYER and LLOYD, JJ, concur.